IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil No. 3:21-cv-00004 |
| Plaintiff, ) | |
| ) | VERIFIED COMPLAINT FOR |
| v. ) | FORFEITURE *IN REM* |
| ) | |
| $105,719.63 IN FUNDS FROM ) | |
| ACCOUNT HELD IN THE NAME OF ) | |
| COMMERCIAL BUYING EQUITIES, ) | |
| LLC AT JP MORGAN CHASE BANK, ) | |
| ) | |
| Defendant. ) | |

The United States of America brings this Verified Complaint *In Rem*, and alleges as follows, pursuant to the Federal Rules of Civil Procedure, the Supplemental Rules For Admiralty or Maritime Claims and Asset Forfeiture Actions G, 18 U.S.C. §§ 981 and 983, and other applicable authorities.

## I.   NATURE OF THE ACTION

1.   The action arises from an investigation into the fraudulently-induced electronic or wire transfer of funds of the International Association of Heat & Frost Insulators & Allied Workers Local 81 Health & Welfare Plan (the Local 81 Welfare Plan), by RJ Lee and Associates, a health benefits administrator, from the Local 81 Welfare Plan's bank account at Quad Cities Bank & Trust in June 2020.

2.   Title 18, United States Code, Section 1343 makes it a federal crime to obtain money or property by means of false or fraudulent pretenses, representations, or promises, using an interstate wire communication for the purpose of executing such scheme or artifice.

3. Title 18, United States Code, Section 1956(a) makes it a federal crime to conduct a financial transaction with property known to be derived from the proceeds of a specified unlawful activity, in this case wire fraud, knowing that the transaction is designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity. A transfer of funds from an account at one financial institution or bank to another, that in any way affects interstate or foreign commerce, is a financial transaction within the terms of § 1956.

4. Title 18, United States Code, Section 1957(a) makes it a federal crime to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value of more than $10,000 that is derived from a specified unlawful activity. A deposit, withdrawal, transfer of funds, in or affecting interstate or foreign commerce, by, though, or to a financial institution, is a monetary transaction within the meaning of § 1957.

5. Title 18, United States Code, Section 1956(h) makes it a federal crime to conspire with another person to commit an offense under Section 1956 or 1957, subject to the same penalties proscribed for the offense the commission of which was the object of the conspiracy.

6. Title 18, United States Code, Section 981(a)(1)(C) authorizes the civil forfeiture to the United States of any personal property which constitutes, or is derived from proceeds traceable to any offense constituting a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7). Wire fraud under 18 U.S.C. § 1343 is a

"specified unlawful activity" under § 1956(c)(7)(A), due to § 1961(1).

7. Title 18, United States Code, Section § 981(a)(1)(A) authorizes the civil forfeiture to the United States of any property, including personal property, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 and 1957.

8. Based on the facts set forth herein, there is evidence to believe that the Defendant properties identified herein are personal property, namely money and/or other things of value, which constitute or are derived from proceeds traceable to violations of 18 U.S.C. § 1343 (wire fraud), a specified unlawful activity under 18 U.S.C. § 1956(c)(7), and are therefore forfeitable under 18 U.S.C. § 981(a)(1)(C), and/or are personal property involved in transactions, or attempted transactions, in violation of section 1956(a), 1957(a), and 1956(h) of Title 18, and are therefore forfeitable under 18 U.S.C. § 981(a)(1)(A).

9. Pursuant to 18 U.S.C. § 984(a)(1), it is not necessary for the government, in a civil forfeiture action, to identify the specific property involved in the offense that is the basis of forfeiture in which the subject property is funds deposited in an account in a financial institution.

10. Pursuant to 18 U.S.C. § 984(a)(1)(B), it is not a defense that the property involved in such a case has been removed or replaced by identical property.

11. Pursuant to 18 U.S.C. § 984(a)(2), any identical property found in the same account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture.

## II. THE DEFENDANT *IN REM*

12. The Defendant property is generally described as $105,719.63 in funds seized from JP Morgan Chase bank account number xxxxx1088.

## III. JURISDICTION, VENUE, AND PROCEDURAL AUTHORITY

13. Under 28 U.S.C. § 1345, this Court has jurisdiction over an action commenced by the United States as plaintiff.

14. Under 28 U.S.C. § 1355(a), this Court has original jurisdiction over this action for the recovery or enforcement of a fine, penalty, or forfeiture incurred under an Act of Congress.

15. Under 28 U.S.C. § 1355(b)(1)(A), this Court also has jurisdiction over this action because acts or omission giving rise to this civil forfeiture occurred in the Southern District of Iowa.

16. Under 28 U.S.C. § 1395(a) and (b), venue is proper in this District because this is a civil proceeding for the recovery of a pecuniary fine, penalty, or forfeiture, and is being prosecuted in a District where the action accrued.

17. Under 28 U.S.C. § 1391(b)(2), venue is also generally proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in, or a substantial part of the property that is the subject of the action is situated in, this District.

## IV. FACTS

18. RJ Lee and Associates is a health benefits administrator located in Moline, Illinois (IL).

4

19. One of RJ Lee and Associates' customers is the International Association of Heat & Frost Insulators & Allied Workers Local 81 Health & Welfare Plan, located in Rock Island, IL. (Local 81 Welfare Plan).

20. On or before June 16, 2020, an employee of RJ Lee and Associates suffered a computer intrusion.

21. Internal investigation conducted by RJ Lee and Associates determined that on or before July 17, 2020, unknown subject(s) secretly logged into the RJ Lee and Associates' email account, without authority to do so, surreptitiously studied an employee's work tasks, and, using Windows PowerShell, clandestinely created two email rules altering the functioning of the account without permission to do so.

22. The first secretly-placed email rule directed that if the sender's email address (received by the compromised account) contained the words "@qcbt.com" (for Quad Cities Bank and Trust), the email should be (1) marked as read, (2) the message moved to the folder "RSS Feeds," and (3) processing stopped for more rules on this message.

23. The second secretly-placed email rule directed that if the message was received from a certain employee at RJ Lee and Associates, the email should be (1) marked as read, (2) the message moved to the folder "RSS Feeds," and (3) processing stopped for more rules on this message.

24. On or about June 17, 2020, unknown subject(s), using the RJ Lee and Associates computer system, invaded one or more email accounts without authority, and falsely posing as the RJ Lee and Associates employee, sent a fraudulent email

to two employees of Quad Cities Bank & Trust, requesting them to process an automated clearinghouse payment to settle an attached fraudulent invoice for "Welfare local 81 project job: XPB00394."

25. The attached fraudulent invoice was for an amount of $152,500 and listed Local 81 Welfare Plan as having an address in Lanham, Maryland, which is incorrect.

26. The invoice included instructions to pay the invoice to a Wells Fargo Bank account ending in x0918, in the name "Cazeal Holdings, Inc."

27. Investigation has determined neither Heat and Frost Insulators Local #81 nor the Local 81 Welfare Plan has done business with nor heard of a company named Cazeal Holdings, Inc.

28. This fraudulent invoice defrauded RJ Lee and Associates and Local 81 Welfare Plan inducing them to pay a debt falsely represented to be owed by the Local 81 Welfare Plan, when no such debt was owing.

29. On or about June 19, 2020, an automated clearinghouse payment in the amount of $152,500 was sent from the Local 81 Welfare Plan bank account at Quad Cities Bank & Trust to the Cazeal Holdings, Inc. account ending in x0918 at Wells Fargo Bank, in another state.

30. While the fake invoice listed the purported vendor as Cazeal Holdings, Inc., with an address of 5308 13th Avenue, #121, Brooklyn, NY 11219, the Wells Fargo bank account to which the funds were wired was in the name of Capital C & Z Holdings, Inc.

31. The Wells Fargo account at issue was a "money mule account", used to facilitate fraud.

32. The Capital C & Z Holdings, Inc. account was opened on 9/17/2019 by Chaya Schnitzler, with an address of 1421 58th Street, Brooklyn, NY 11219. She was the signor of the account.

33. This $152,500 wire transfer constituted wire fraud under federal law.

34. Local 81 Welfare Plan has not done business with nor heard of Chaya Schnitzler, Cazeal Holdings, Inc., or Capital C & Z Holdings, Inc.

35. Between June 19, 2020 and June 23, 2020, Chaya Schnitzler conducted several transactions from the Capital C & Z Holdings, Inc. account, totally depleting the funds received from Quad Cities Bank & Trust.

36. The transactions included, but are not limited to, approximately $2,520 in cash withdrawals, $5,400 in debits to a furniture store, and four (4) outgoing wire transfers totaling $117,500 to JPMorgan Chase bank account number 589251088, in the name of Commercial Buying Equities LLC. The two signatories on the account that received the fraud proceeds were Robert Kassai and Sigmond Bernard Schnitzler, also known as "Ziggy."

37. Sigmond "Ziggy" Schnitzler is married to Chaya Schnitzler, and the initials "C & Z" or "Z and C", as used herein, are believed to refer to part of their names.

38. Quad Cities Bank & Trust has five locations between Iowa and Illinois.

39. The email server and the equipment for conducting all automated

clearinghouse and wire transfers for Quad Cities Bank & Trust are located at one of their offices in Davenport, Iowa, which is located in the Southern District of Iowa.

40. Therefore, the crime occurred, at least in part, in the Southern District of Iowa.

41. On Wednesday, June 24, 2020, Wells Fargo received another electronic request to transfer funds purportedly from Local 81 Welfare Plan, this time for over $300,000, to an account in Mexico.

42. This attempted $300,000 transfer was apparently also an attempted wire fraud, facilitated by the computer system intrusion discussed above.

43. On or about July 29, 2020, JPMorgan Chase advised account number 589251088 had been closed and the remaining funds in the account had been placed in suspense status.

44. On or about August 4, 2020, federal law enforcement received a seizure warrant for $117,500 in JP Morgan bank account number 589251088 in the name of Commercial Buying Equities, LLC.

45. On or about August 4, 2020, agents of the Federal Bureau of Investigation (FBI) seized approximately $105,179.63 in remaining funds from JP Morgan Chase, account number 589251088.

46. JP Morgan Chase advised the authorized signers of the account from which the seizure occurred were Sigmond Schnitzler, a/k/a Sigmand Schnitzlker, a/k/a Sigmund Schnitzler, a/k/a Ziggy Schnitzler, and Robert Kassai.

47. JP Morgan Chase caused a cashier's check to be issued for the

seized funds, and on August 26, 2020, the cashier's check payable to the U.S. Marshals Service in the amount of $105,719.63 was processed by the federal government, pending completion of forfeiture matters related to the funds.

48. On October 7, 2020, the federal government was eventually able to review the bank signatory card for the JP Morgan Chase Bank account number 589251088 in the name of Commercial Buying Equities, LLC, and confirmed Sigmond Schnitzler and Robert Kassai are the only two signatory card holders listed on the account.

49. After the funds were seized, the federal government initiated an administrative forfeiture proceeding against the finds in August 2020.

50. On or about October 28, 2020, Sigmond Schnitzler, through attorney Alexander Novak, filed a claim, contesting the administrative forfeiture of these funds.

51. In full, Schnitzler alleged the following concerning his alleged interest in the funds:

> On or about September 1, 2020, $152,000 was wired to my wife's account, Capital CZ Holdings Inc. having an account number of 234-337-0918, at Wells Fargo Bank. I then transferred $105,000 from that account to an account at J.P. Morgan Chase for my company, Commercial Buying Equities LLC. The FBI froze approximately $105,000 in this account. I hired an attorney, Alexander Novak, to find out why. He informed me after speaking to the FBI. that someone with my name is alleged to have stolen millions of dollars from someone in Iowa. I have never been to Iowa. This money that came into my wife's account did not come from anyone in Iowa. I have a customer that wanted me to assist him in buying bitcoin's. That is why the money went into my wife's account and then was transferred to my business account. I have an unusual and not very common name. I am attaching a copy of my drivers license and my passport. I am sure that if the

victim would see a picture of me, he would acknoledge he has never met. I am also attaching a copy of passport from a person many years younger than me but who has my same name. I am not sure that is his name or you stole my identity. Regardless, never took this money which has been seized from anyone. Also attached is a certificate from the state of Ohio to Mr. Sigmond Schnitzer whose address in Columbus, Ohio is not mine. I have never been to Columbus, Ohio, let alone the state of Ohio. This is most likely a example of stolen identification. I have complete claim to the money in the account.

52. On or about October 28, 2020, Robert Kassai, through attorney Alexander Novak, filed a claim, contesting the administrative forfeiture of these funds.

53. In full, Kassai alleged the following:

The money was wired from the account of Mrs. Sigmond Schnitzler and her husband appears to have his identity stolen and a fake passport with his name but not his picture is being used to perpertrate a crime in Iowa. Sigmond Schnitzler and I invest in stocks, futures and we wanted to buy bit coins. Attached is Sigmond's real passport. I think someone else is using his name on a fake passport. Also attached is the guy with fake passport. That guy has blond hair and is a lot younger than my partner. Neither my partner Mr. Schnitzler nor I have ever been to Iowa. Also attached is a certificate from the state of Ohio to that fake Schnitzler at an address in Columbus. I was never in Ohio.

54. No passport using the name or identity of Sigmond Schnitzler was used in the commission of the offense.

55. As noted above, the offense conduct did not involve the perpetrator or perpetrators travelling to, or being physically present in, either Iowa or Ohio.

56. The claims to the Defendant property by Schnitzler and Kassai do not identify the original source of the funds nor state that Schnitzler or Kassai own the Defendant property: they only claim the funds allegedly belong to a customer who wanted assistance in buying bitcoins, and that they were

10

investing it on his behalf.

57.    While Schnitzler or Kassai claim they were holding the funds for a client to purchase bitcoins, they do not identify this person/bailor nor do they state they have the authority from the undisclosed client/bailor to contest the forfeiture.

## V.    COUNT/CLAIM ONE: CONCEALMENT MONEY LAUNDERING

58.    The Plaintiff hereby realleges the allegations set forth above.

59.    Based on the allegations set forth herein, and other facts to be developed, Plaintiff asserts that the Defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in a transaction in violation of 18 U.S.C. § 1956(a)(1)(B).

## VI.    COUNT/CLAIM TWO: MONETARY TRANSACTION GREATER THAN $10,000

60.    The Plaintiff hereby realleges the allegations set forth above.

61.    Based on the allegations set forth herein, and other facts to be developed, Plaintiff asserts that the Defendant property is subject to forfeiture pursuant 18 U.S.C. § 981(a)(1)(A) as property involved in a transaction in violation of 18 U.S.C. § 1957(a).

## VII.    COUNT/CLAIM THREE: CONSPIRACY TO LAUNDER MONEY

62.    The Plaintiff hereby realleges the allegations set forth above.

63.    Based on the allegations set forth herein, and other facts to be developed, Plaintiff asserts that the Defendant property is subject to forfeiture

pursuant 18 U.S.C. § 981(a)(1)(A) as property involved in a conspiracy to violate 18 U.S.C. §§ 1956 and 1957.

### VIII. COUNT/CLAIM FOUR: WIRE FRAUD

64. The Plaintiff hereby realleges the allegations set forth above.

65. Based on the allegations set forth herein, and other facts to be developed, Plaintiff asserts that the Defendant property is subject to forfeiture pursuant 18 U.S.C. § 981(a)(1)(C), § 1956(c)(7), and § 1961(1) as personal property which constitutes, or is derived from proceeds traceable to, wire fraud.

### CLAIM FOR RELIEF

WHEREFORE, Plaintiff United States prays that the defendant property be forfeited to it, that the Plaintiff United States be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

Richard D. Westphal
Acting United States Attorney

By: _____
Craig Peyton Gaumer
Assistant United States Attorney
U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: craig.gaumer@usdoj.gov

## VERIFICATION

I, Jeffrey S. Huber, hereby verify and declare under penalty of perjury that I am a Special Agent with the Federal Bureau of Investigation, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States and information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as Special Agent of the Federal Bureau of Investigation.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 22nd day of January, 2021.

Jeffrey S. Huber, Special Agent
Federal Bureau of Investigation